### SCOTT v. NEGRO BEN.

———

·ERROR to the judgment of the circuit court for the district of Columbia, sitting at Washington, upon a petition for freedom filed by *Negro Ben*, against *Sabrett Scott*, who claimed the petitioner as his slave.

The ground upon which the petitioner claimed his freedom was, that he had been imported into the state of Maryland contrary to the act of assembly of that state, passed in the year 1783, entitled, " An act to prohibit the bringing of slaves into this state;" by which it is enacted, " That it shall not be lawful, after the passing this act, to import or bring into this state, by land or water, any negro, mulatto or other slave, for sale, or to reside within this state ; and any person brought into this state as a slave contrary to this act, if a slave before, shall thereupon immediately cease to be a slave, and shall be free; *provided*.that this act shall not prohibit any person, being a citizen of some one of the United States, coming into this state with a *bona fide* intention of settling therein, and who shall actually reside within this state for one year at least, to be computed from

and next succeeding his coming into the state, to import or bring in any slave or slaves which before belonged to such person, and which slave or slaves had been an inhabitant of some one of the United States, for the space of three whole years next preceding such importation; *and the residence of such slave in some one of the United States, for three years as aforesaid antecedent to his coming into this state, shall be fully proved, to the satisfaction of the naval officer, or collector of the tax, by the oath of the owner, or some one or more credible witness or witnesses.*"

Upon the trial the defendant below took two bills of exceptions.

The first was to the opinion of the court that it was incumbent on the defendant, (Scott,) in order to bring himself within the proviso contained in the first section of the act of 1783, to show to the jury that it has been fully proved to the satisfaction of the naval officer, or collector of the tax, by the oath of the owner, or some one or more credible witness or witnesses, that the petitioner was a resident of some one of the United States for three years antecedent to his coming into the state of Maryland; and that it was not sufficient for the defendant to prove, on the trial, to the satisfaction of the jury, that the defendant, being a citizen of some one of the United States, and coming into the state of Maryland with a *bona fide* intention of settling therein, and who actually resided within the said state for one year at least, computed from and next succeeding his coming into the state, imported the petitioner, who then belonged to the defendant, and that the petitioner had been an inhabitant of some one of the United States for the space of three whole years next preceding such importation.

The second bill of exceptions was to the refusal of the court to admit, as evidence, two certificates made during the trial, the one by the collector of the *customs* and naval officer of the *United States,*

for the district and port of Georgetown in the district of Columbia, and the other by a collector of taxes, appointed by the levy court for the county of Washington, in that district; the purport of which certificates was, that Scott had, on that day, (16th June, 1807,) by his own oath, proved, to the satisfaction of each of those officers respectively, that Ben " was a resident of the state of Virginia, one of the United States, three whole years next preceding the time when. the said . mulatto . Ben was brought into the state of Maryland."

The cause was argued by *C. Lee* and *Jones*, for the plaintiff in error, and by *Swann* and *F. S. Key*, for the defendant.

*February 7,*

MARSHALL, Ch. J. delivered the opinion of the court as follows, viz.

In this case three opinions were given by the circuit court, to each of which the defendant in that court excepted. These opinions were, in substance,

1. That the master of a slave imported into the state of Maryland, while the act, passed in the year 1783, entitled, "'An act to prohibit the bringing slaves into this state," was in force, could not be admitted to prove the fact that such slave had resided three years, previous to his importation into Maryland, in some one of the United States, unless he could show that this fact had been proved to the satisfaction of the naval officer, or collector of the tax.

2. That a certificate made by the naval officer and collector of the port of Georgetown, dated on the 16th day of June, in the year 1807, certifying that this fact was proved to his satisfaction on that day, did not satisfy the law.

3. That a similar certificate given by the collector

of the tax for the county of Washington did not satisfy the law.

The correctness of these opinions is to be tested by comparing them with the act under which the plaintiff in the court below claimed his freedom.

The enacting clause of that law prohibits the importation of slaves into the state of Maryland, and gives freedom to such as shall be imported contrary to that act. A proviso excepts from the operation of the enacting clause those slaves which, having resided for three years within some one of the United States, and being the property of the importer, should be imported into the state of Maryland by a person intending to become a resident thereof, and who should actually reside therein for the space of twelve months thereafter. The act then adds—and the residence of such slave in some one of the United States for three years as aforesaid, antecedent to his coming into this state, shall be fully proved to the satisfaction of the naval officer, or collector of the tax, by the oath of the owner, or some one or more credible witness or witnesses.

By the plaintiff in error it is contended, that this part of the law is directo ; that it prescribes a duty to the importer of a slave within the description of the proviso, but does not make his title to that slave dependent on the performance of this duty.

By the defendant it is contended, that this clause forms a part of the proviso, and that the fact of previous residence within some one of the United States can be proved by no other testimony, if that which is here prescribed be wanting.

The act, in its expression, is certainly ambiguous, and the one construction or the other may be admitted, without great violence to the words which are employed.

The great object of the proviso certainly was to

permit persons, actually migrating into the ᵪ te of
Maryland, to bring with them property of this de-
scription which had been within the United States
a sufficient time to exclude the danger of its being
imported into America for the particular purpose.
The great object of the provision was, that the fact
itself should accord with this intention. The man-
ner in which that fact should be proved was a very
subordinate consideration. Certainly the provisions
of the law ought not to be so construed as to defeat
its object, unless the language be such as absolutely
to require this construction.

It would be a singular and a very extraordinary
provision that a naval officer, or the collector of a tax,
should be made the sole judge of the right of one
individual to liberty, and of another to property. It
would be equally extraordinary that the oath of one
of the parties, probably in the absence of the other,
should be conclusive on such a question. It would
be not less strange that the manner in which this
*quasi* judge should execute his duty should not be
prescribed, and that not even the attempt should be
made to preserve any evidence of his judgment.

These considerations appear to the court to have
great weight; and the language of the law ought to
be very positive to deprive them of their influence.

Upon an attentive consideration of that language,
the majority of the court is of opinion, that the pro-
perty of the master is not lost by omitting to make
the proof which was directed, before the naval offi-
cer, or the collector of the tax, and that the fact on
which his right really depends may be proved, not-
withstanding this omission.

The words of this part of the section do not ap-
pear to the court to be connected, either in their
sense, or in their mode of expression, with the pro-
viso. It is a distinct and a substantive regulation.
In legislation, the conjunction " and" is very often
used when a provision is made in no degree depend-

Scott
v.
Ben.

ent on that which precedes it; and, in this case, no terms are employed which indicate the intention of the legislature, prescribing this particular duty, to make the right to the property dependent on the performance of that duty.

It is, then, the opinion of the majority of the court, that the fact of the residence of the plaintiff below within the United States was open for examination, even had his master omitted entirely to make the proof of that residence before the naval officer, or collector of the tax, and, consequently, that the circuit court erred in refusing to admit testimony respecting that fact.

The opinion of the court on this point renders a decision on the other exceptions unnecessary.